IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| PHILIP SEABRIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-042 |
| | ) | |
| OFFICER NICK DAVIS; | ) | |
| OFFICER KASEY FOUNTAIN; | ) | |
| SERGEANT MIKE BRINSON; | ) | |
| STATESBORO POLICE DEPARTMENT; | ) | |
| CATHERINE FINDLEY, Solicitor; and | ) | |
| JUDGE JOSEPH CUSHNER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* in this case which, as described below, was consolidated with a second case filed the same day, against the same Defendants. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

**I.      Background**

On May 28, 2025, Plaintiff filed a complaint and a motion to proceed *in forma pauperis* ("IFP") asserting a variety of alleged civil rights violations, pursuant to 42 U.S.C. §§ 1983 and 1985, based on a December 20, 2020 arrest that resulted in a state law marijuana charge which Plaintiff maintains was governed by a city ordinance. See Seabrian v. Davis, et al., CV 625-042, doc. nos. 1, 2 (S.D. Ga. May 28, 2025) (hereinafter "CV 625-042"). On the same day,

Plaintiff filed a second lawsuit and motion to proceed IFP, and he asserted additional alleged civil rights violations against the same Defendants as those named in CV 625-042, pursuant to 18 U.S.C. §§ 1595, 1581, 1584, 1589, and 1594, based on the subsequent criminal proceedings flowing from the December 20, 2020 arrest resulting in a state law marijuana charge. See Seabrian v. Davis, et al., CV 625-043, doc. nos. 1, 2 (S.D. Ga. May 28, 2025) (hereinafter "CV 625-043"). As both cases are based on the alleged improper state law marijuana charge and resultant consequences flowing from the prosecution of that charge, on July 2, 2025, the Court consolidated the two cases, closed CV 625-043, and directed that all future filings be captioned, filed, and docketed under CV 625-042. (See doc. no. 10.)

As to Plaintiff's requests to proceed IFP filed in both cases, the Court originally entered orders denying the motions because they did not have sufficiently complete and/or accurate information to determine whether Plaintiff should be allowed to proceed IFP. (See CV 625-042, doc. no. 5, pp. 1-2; CV 625-043, doc. no. 5, pp. 1-2.) Plaintiff complied with the Court's Order to submit a renewed motion to procced IFP in both cases, but because the two cases were subsequently consolidated, the Court only ruled on the renewed IFP motion in CV 625-042. Based on the information provided by Plaintiff, the Court found Plaintiff had monthly income over double his monthly expenses and therefore could pay the $405 filing fee for one civil action. (Doc. no. 10, pp. 3-4.) The Court directed Plaintiff to remit the $405 filing fee within twenty-days and warned the failure to do so would result in a recommendation for dismissal of this case without prejudice. (Id. at 4 (citing 28 U.S.C. § 1914(a) & (b); Loc. R. 4.2(2)).)

The July 2, 2025 Order also explained Plaintiff must submit an amended complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure if he intended

to proceed with this case. (Id. at 4-7.) The Court provided instructions for how to amend his complaint to cover all claims in his now-consolidated action. (Id. at 6-7.) Plaintiff was cautioned that failure to submit an amended complaint would result in a recommendation for dismissal. (Id. at 7.) Plaintiff did not object to anything in the July 2, 2025 Order, but he did not pay the $405 filing fee or submit an amended complaint. He did file a procedurally improper motion for summary judgment prior to the deadline for compliance with the Court's Order and prior to any Defendant making an appearance in the case.[1] (See doc. no. 11.) On August 4, 2025, Plaintiff also filed a "Notice to Court Clarifying Separate Civil Actions," in which he requests the Court treat CV 625-042 and CV 625-043 "as separate civil actions unless and until a formal motion to consolidate is filed and granted." (Doc. no. 12.) Plaintiff also filed a motion for reconsideration of the Order denying IFP status and a motion to amend.[2] (Doc. nos. 13, 14.)

## II.     Discussion

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess

---

[1]The Court notes Plaintiff disregarded the Court's instructions regarding captioning all future filings as CV 625-042 by also captioning and filing a motion for summary judgment under CV 625-043. (See doc. no. 11-1, p. 1.)

[2]Similar to the motion for summary judgment, Plaintiff disregarded the Court's captioning instructions by also filing a motion to amend captioned under CV 625-043. (See doc. no. 13-1, p. 1.)

3

the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff did not respond to the instructions in, let alone comply with, the Court's July 2nd Order. To the contrary, Plaintiff ignored the Court's Order, filed a procedurally improper summary judgment motion based on pleadings the Court ruled needed to be amended, failed to submit one amended complaint, and failed the pay the filing fee. Under this Court's Local Rules, failing to pay the filing fee within twenty-days of denial of a request to proceed IFP results in dismissal. Loc. R. 4.2(2). Plaintiff was also warned that failing to pay the fee and submit an amended complaint within twenty-one days would result in a recommendation for dismissal. (Doc. no. 10, pp. 4, 7.)

Moreover, although the Federal Rules of Civil Procedure and Local Rules allow fourteen days to object to the Court's prior ruling, Fed. R. Civ. P. 72 and Loc. R. 72.2, no such objection was filed. Rather, over one month later, Plaintiff filed a "notice" that he did not intend to comply with the Court's consolidation order. (Doc. no. 12.) He also filed a motion

4

for reconsideration of the Order directing him to pay the filing fee, and a motion to amend the first amended complaint the Court already explained needed to be amended. (Doc. nos. 13, 14.) No complete amended complaint has been filed since the Court's July 2nd Order directing Plaintiff to do so.

Although Plaintiff states he seeks reconsideration of the IFP ruling pursuant to Fed. R. Civ. P. 59(e), it was not filed within twenty-eight days of the Order ruling the filing fee must be paid in full. "When a request to reconsider under Rule 59(e) is untimely, it will automatically be converted into a Rule 60(b) motion." Reaves v. Hucko, No. 123-148, 2025 WL 284636, at *1 (S.D. Ga. Jan. 23, 2025) (Hall, J.); see also Winn v. Dep't of Treasury IRS, No. 3:22-cv-562, 2022 WL 3586443, at *3 (M.D. Fla. June 29, 2022) (recognizing courts examine "similar factors" when reviewing reconsideration motions under Rule 59 or Rule 60). Rule 60(b) relief may be granted based on : " '(1) mistake, inadvertence, surprise, or excusable neglect;' (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or '(6) any other reason justifying relief.' " Marsh v. Dep't of Children and Families, 259 F. App'x 201, 205 (11th Cir. 2007) (*per curiam*). Moreover, the reasons stated for seeking reconsideration – misapprehension of the information in Plaintiff's motion and mistaken application of the IFP standard – suggest the motion is appropriately considered under Rule 60. See Kemp v. United States, 596 U.S. 528, 530 (2022) ('[A] judge's errors of law are indeed 'mistakes' under Rule 60(b)(1).").

Notably, however, Plaintiff provides no substantiation for his position the Court erred. As the Court explained,

> In his renewed motion attested to as true under penalty of perjury, Plaintiff reports in the last twelve months he received approximately $3300 per month in wages from his employment and $5000 per month from self-employment. ([Doc. no. 6, p. 1].) He further reports he expects to continue to receive

5

>approximately $3000 in monthly wages from his employment. (Id.) Plaintiff itemizes his monthly expenses at only $1245. (Id. at 4-5.) Despite reported monthly income at over twice his monthly expenses, Plaintiff did not answer the question concerning how much cash he and his spouse have but maintains he has almost no money in a savings or checking account. (Id. at 2.) Plaintiff also states he expects to spend "405 depending" on this lawsuit. (Id. at 5.)

(Doc. no. 10, pp. 3-4.)

Plaintiff now claims circumstances different than those previously attested to under penalty of perjury, but he provides no new specific financial information, promising only to supplement the record if a hearing is scheduled.³ (See doc. no. 14.) Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). Plaintiff's ever changing, conclusory financial assertions do not show he should be granted IFP status. Thus, Plaintiff has shown no error or mistake in the interpretation of his IFP motion or the determination on whether he should be required to pay the filing fee.

In an abundance of caution, the Court also considers the "catch-all" provision of Rule 60(b)(6), which allows the Court to set aside a judgment for "any other reason that justifies relief." See Rice v. Ford Motor Co., 88 F.3d 914, 918 (11th Cir. 1986) (explaining untimely Rule 59(e) motion may be construed as Rule 60(b) motion, including under Rule 60(b)(6) "catch-all" provision allowing relief based on any reason that justifies relief). However, Plaintiff must present "sufficiently extraordinary" circumstance to warrant relief, and the determination on whether those circumstances are so compelling that an order must be vacated

---

³For example, Plaintiff now states he is unemployed and has no "fixed" income despite previously reporting at least $3000 in monthly wages. (Cf. doc. no. 14 with doc. no. 6, pp. 1-2.)

is left to the Court's discretion. <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1317 (11th Cir. 2000); <u>Reaves</u>, 2025 WL 284636, at *2.

Here, the Court finds no such extraordinary circumstances. The Court denied the first IFP motion without prejudice because of incomplete and/or inaccurate information. (<u>See</u> doc. no. 5.) When given the opportunity to clarify his financial information, he drastically changed his responses and attested to the Court his expenses of $1245 were half of this monthly wages of $3040. (<u>Cf.</u> doc. no. 2, p. 1 (unemployed with last monthly take home pay of $2600) <u>with</u> doc. no. 6, p. 2 (employed with monthly take home pay of $3040; doc. no. 2, p. 2 (undisclosed amount of child support owed) <u>with</u> doc. no. 6, p. 4 (no support listed as paid to others).) Now, rather than responding within the twenty-one-day deadline to address the filing fee, Plaintiff waited nearly a month to claim the Court misunderstood his circumstances without providing any supporting documentation. Plaintiff's motion for reconsideration should be denied. (Doc. no. 14.)

### III. Conclusion

The time to respond has passed, and Plaintiff has not paid the filing fee or provided any valid basis for reconsidering the denial of Plaintiff's IFP motion. Even if Plaintiff had paid the filing fee or otherwise substantiated a change in circumstance warranting that he be granted IFP status, Plaintiff disobeyed an Order of the Court by failing to submit an amended complaint as required and continuing to submit documents captioned CV 625-043. He further declared his intention to disregard the Court's consolidation order by filing a "notice" about continuing to pursue two separate cases. As explained above, based on Plaintiff's failure to pay the filing fee, along with his willful disobedience of the Court's July 2nd Order, the Court **REPORTS** and **RECOMMENDS** that the motion for reconsideration be **DENIED**, (doc. no. 14), the

7

motion to amend be **DENIED** as **MOOT**, (doc. no. 13), and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA