IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

PHILIP SEABRIAN,                        )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        CV 625-042
                                        )
OFFICER NICK DAVIS;                     )
OFFICER KASEY FOUNTAIN;                 )
SERGEANT MIKE BRINSON;                  )
STATESBORO POLICE DEPARTMENT;           )
CATHERINE FINDLEY, Solicitor; and       )
JUDGE JOSEPH CUSHNER,                    )
                                        )
                Defendants.             )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections, along with an amended complaint and "supplemental briefing" in support of his motion for reconsideration, have been filed. (Doc. nos. 19, 21, 22.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff failed to pay the filing fee after the determination had been made he was not entitled to proceed *in forma pauperis* ("IFP") and because Plaintiff willfully disobeyed an order of the Court. (See doc. no. 17.) The Magistrate Judge also recommended denying the motion for reconsideration of the determination Plaintiff must pay the filing fee, explaining an unsubstantiated change in financial circumstances from those previously attested to under penalty of perjury did not justify changing the IFP ruling. (See id. at 5-7.)

In his objections and "supplemental briefing," Plaintiff again claims without any supporting documentation that his financial circumstances have changed in that his income has been "substantially reduced," and he states any inconsistencies in his prior IFP affidavits were the "result of fluctuating income streams and a misunderstanding of the form's" requirements. (Doc. no. 21, pp. 1, 4.)  Notably, however, Plaintiff did not submit a new IFP affidavit, detail his current income, or otherwise explain how the Magistrate Judge was mistaken in interpreting the only factual information in the record about Plaintiff's "ongoing financial reality."  (See id. at 1-2.)  Moreover, Plaintiff's concern about "cost-prohibitive" personal service is not relevant to the Magistrate Judge's determination about the ability to pay the filing fee, as Fed. R. Civ. P. 4 provides for seeking waivers of personal service and contains provisions requiring a defendant who fails, without good cause, to sign and return a waiver to pay for any later incurred costs for service.[1]  (Id. at 2, 4 (relying on "upcoming litigation expenses" as argument why IFP motion should have been granted); Fed. R. Civ. P. 4(d)(2).)  Plaintiff provides no new information to change the conclusion his IFP motions were validly denied, and that reconsideration of that determination is not warranted.[2]

---

[1]Plaintiff is obviously aware of this option, as the record contains Plaintiff's premature attempt to request waivers prior to paying the filing fee or the Court granting IFP status and screening the complaint to determine whether he has any viable claims. (See doc. no. 7.)

[2]Plaintiff's reliance on Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam), is inapposite. (Doc. no. 21, p. 4 & n.5.) There, the district court denied the IFP motion without explanation, based on an IFP affidavit that showed only the plaintiff's assets but did not show her monthly financial obligations. Martinez, 364 F.3d at 1306. Here, however, Plaintiff was given an opportunity to file a second IFP motion with more up to date and compete financial information, and that second motion required information about both assets and liabilities. (Doc. nos. 5, 6.) In denying the renewed motion, the Magistrate Judge expressly reviewed Plaintiff's monthly income and itemized expenses before explaining that in light of Plaintiff having monthly income over double his monthly expenses, he was not entitled to proceed IFP. (Doc. no. 10, pp. 3-4.)

Next, Plaintiff objects the Magistrate Judge erred in consolidating his two cases under Fed. R. Civ. P. 42(a) without Plaintiff's consent or making the necessary findings, and therefore his failure to follow the instructions in the consolidation order should be excused. (Doc. no. 21, pp. 3-4.) The Court disagrees. As the Magistrate Judge explained, the decision on consolidation is "purely discretionary," and both of Plaintiff's cases filed on the same day against the same Defendants are based on an alleged improper state law marijuana charge and resultant consequences flowing from the prosecution of that charge. (See doc. no. 10, pp. 2-3); see also In re Air Crash Disaster, 549 F.2d 1006, 1013 (5th Cir. 1977)[3] (recognizing court's "strong and flexible" managerial power in matters of consolidation is "permissive and . . . a purely discretionary power" and further explaining "court may order the consolidation of cases despite the opposition of the parties"); Laidler v. Dillahuat, Civ. Act. Nos. 6:19-cv-36, 6:19-cv-76, 2019 WL 4166786, at *1-2 (S.D. Ga. Aug. 30, 2019) (directing sua sponte consolidation of two cases arising from same set of facts). The Court finds no error in ordering the consolidation of Plaintiff's two cases, as they involve common questions of law and fact.[4] Given this congruence, the benefits of consolidation outweighed any prejudice to the parties, benefitted judicial economy, and incidentally reduced Plaintiff's filing fee burden from two cases to one.

.

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4]The Court observes the Clerk of Court did not enter an appropriate judgment of dismissal when entering the July 2, 2025 Order closing CV 625-043. As a purely ministerial matter, the Court now **DIRECTS** the **CLERK** to enter that judgment of dismissal in CV 625-043.

Faced with the recommendation for dismissal, Plaintiff did attempt to cure one basis for dismissal identified by the Magistrate Judge:  failure to submit one amended complaint. (See doc. no. 19.)   The August 15, 2025 amended complaint seeking $60,000,000 in damages, does not however, comply with the pleading instructions in the July 2nd Order. Plaintiff does not explain how each named Defendant allegedly violated his rights or when such conduct occurred.  Plaintiff identifies Defendants Davis, Fountain, and Brinson as the officers who arrested him on December 20, 2020, but he does not otherwise chronicle the timeline of events upon which his claims are based or provide factual detail regarding each Defendant.

For example, Count I names the three officers as well as the City of Statesboro and Bulloch County as arresting Plaintiff without probable case; there is no description of the circumstances of the arrest, regardless of whether Plaintiff believes he should have been charged under local or state law, let alone how the city or county were responsible for, or involved in, the arrest conducted by the three officers.  (Id. at 2-3.)   Count II alleges malicious prosecution "[a]gainst all Defendants except Judge Cushner," but there is no explanation how the arresting officers made the charging decision, let alone how any charging decision by any Defendant was made "without probable cause and with malice"; nor is there an allegation that Plaintiff's prosecution ended without a conviction.[5]   (Id.) Count III alleges a conspiracy to deprive Plaintiff of equal protection without any

---

[5]See Thompson v. Clark, 596 U.S. 36, 39 (2022) ("To maintain [a] Fourth Amendment claim under §1983, a plaintiff . . . must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution. . . . .To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction.")

explanation regarding the specific actions of any Defendant who allegedly engaged in this conspiracy, let alone any factual detail supporting a conclusion that this alleged conspiracy had a discriminatory purpose and effect.[6]

Count IV likewise fails to provide any detail how the arresting officers, the City of Statesboro, or Bulloch County controlled the actions of the County Solicitor or presiding Judge in imposing judgment or deciding on a penalty for Plaintiff, let alone provide any facts to support "coercion and abuse of legal process" by any Defendant.[7]  (Id. at 3.)  Finally, Count V makes the conclusory statement that the City of Statesboro and Bulloch County "maintained policies or customs allowing arrests contrary to controlling municipal ordinances," but Plaintiff provides no factual detail about what those customs or policies might be.[8]  (Id. at 3.)  In sum, even though Plaintiff has belatedly submitted the amended

---

[6]See Andre v. Clayton Cnty., Ga., -F.4th-, No. 23-13253, 2025 WL 2371780, at *15 (11th Cir. Aug. 15, 2025) ("To sustain a claim under the Equal Protection Clause, '[p]laintiffs must . . . show that the State's decision or act had a discriminatory purpose and effect." (citation and footnote omitted)).

[7]Under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the conviction or sentence.  Here, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  Thus, even if he had provided factual detail to support his claim about his allegedly improper punishment, his claim for monetary damages is not cognizable under § 1983.  Heck, 512 U.S. at 483.

[8]To establish liability under Monell [v. Dep't of Soc. Servs., 436 U.S. 658 (1978)], "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  Est. of Hand by & through Hand v. Fla Dep't of Corr., No. 21-11542, 2023 WL 119426, at *6 (11th Cir. Jan. 6, 2023) (per curiam) (citation omitted and alteration adopted).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality."  Craig v. Floyd Cnty., Ga., 643 F.3d. 1306, 1310 (11th Cir. 2011) (citation omitted).  Plaintiff has not alleged any factual detail about any other circumstance of improperly charging a state law violation when a local law is alleged to control.

complaint required by the July 2nd Order, he did not provide the necessary factual detail to bring his claims into compliance with the pleading requirements of the Federal Rules of Civil Procedure to provide a short and plain statement showing Plaintiff is entitled to relief. Nor did Plaintiff otherwise give each Defendant notice of each claim against him/her and the basis therefor. This lack of detail also means the amended complaint provides little more than "unadorned, the defendant-unlawfully-harmed me accusations" that lack sufficient factual enhancement. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Finally, Plaintiff objects to the finding that he willfully disobeyed the July 2nd Order, (doc. no. 21, p. 4), by "ignore[ing] the Court's Order, fil[ing] a procedurally improper summary judgment motion based on pleadings the Court ruled needed to be amended, fail[ing] to submit one amended complaint, and fail[ing to] pay the filing fee." (Doc. no. 17, p. 4.) First, unlike Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005), cited by Plaintiff, the recommendation here was for dismissal *without* prejudice based not only on failure to follow the Court's instructions, but also for failing to pay the filing fee.[9] Second, Plaintiff's argument that his premature summary judgment motion was permissible prior to any appearance by a Defendant, (doc. no. 21, p. 4), rings hollow because he completely ignores the Magistrate Judge's ruling that the pleadings upon which Plaintiff based his motion had to be amended if he intended to proceed with the case. In any event,

---

[9]Based on the pleading deficiencies identified above regarding lack of factual detail about dates and specific actions by Defendants, the Court cannot make any definitive finding about a potential statute of limitation issue. Nonetheless, that Plaintiff may be unable to pursue some of his claims should he choose to attempt to refile his case is not a direct consequence of dismissal for failure to obey a court order because some claims may have been time barred by the two-year statute of limitations applicable in Georgia even when he first filed his instant complaint on May 28, 2025. See Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.

even if Plaintiff's actions were not deemed willful, as the Magistrate Judge explained, "dismissal without prejudice is generally appropriate" based on a failure to comply with a court order, especially when the litigant has been forewarned. (Doc. no. 17, p. 4 (citations omitted).)

In sum, the Court **OVERRULES** all objections and arguments in "supplemental briefing" on the motion for reconsideration of the order denying leave to proceed IFP and **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion. Accordingly, the Court **DENIES** the motion for reconsideration, (doc. no. 14), and **DENIES** as **MOOT** the motion to amend, (doc. no. 13). The Court further **DIRECTS** the **CLERK** to **TERMINATE** all other motions and deadlines, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 26th day of August, 2025, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA